```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA

      v.                                Criminal No. 14-180

ELIONARDO JUAREZ-ESCOBAR

## GOVERNMENT'S BRIEF IN RESPONSE TO COURT ORDER

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle, Assistant United States Attorney for said district, and submits the following brief pursuant to the Court Order of November 24, 2014 (Doc. No. 26).

## FACTS

The defendant, a citizen of Honduras, was arrested on April 17, 2014 on DUI charges by the New Sewickley Township Police Department, Beaver County. Following his arrest, he was released pending the filing of a criminal complaint.

On June 23, 2014, the defendant's immigration matter was referred to the Department of Homeland Security (DHS) for further investigation. It was determined that the defendant had been removed from the United States on December 5, 2005, and that he had thereafter re-entered the United States illegally.

On July 22, 2014, the PA Fugitive Operations Team went to the defendant's residence to conduct a "knock and talk." The defendant answered the door and gave the officers permission to enter. The officers asked the defendant for identification, and he provided a Honduran passport in his name. The defendant was then placed under arrest.

The matter was referred to the United States Attorney's Office for criminal prosecution pursuant to 8 U.S.C. § 1326(a) (reentry of removed alien). Defendant was indicted on a single § 1326(a) count on July 29, 2014. His initial appearance occurred on August 1, 2014, and his arraignment on August 5, 2014. Subsequently, on October 21, 2014, defendant entered a plea of guilty to the single count of the indictment. The Court also stated its intent to sentence defendant within the next three months.

Thereafter, on November 24, 2014, the Court directed the parties to brief, by noon on December 5, 2014: (1) whether the President's Executive Action of November 20, 2014 applies to this defendant; and (2) whether there are any constitutional and/or statutory considerations which the Court needs to address. As to the latter point, the government is aware of no such considerations. Regarding the former, the executive actions announced by the President on November 20, 2014 do not apply to this defendant.

2

ARGUMENT

THE EXECUTIVE ACTION DOES NOT ADDRESS CRIMINAL
PROSECUTIONS UNDER 8 U.S.C. § 1326(a)

None of the executive actions announced by the President on November 20, 2014 address criminal prosecution of previously removed aliens.

The DHS website (http://www.dhs.gov/immigration-action) contains 10 memoranda from DHS Secretary Jeh Charles Johnson that represent the executive actions announced by the President.  The only memorandum that is arguably relevant to the issues before the Court is the second memorandum, titled "Policies for the Apprehension, Detention and Removal of Undocumented Immigrants."  But this policy (attached as Exhibit "A") relates only to <u>civil</u> immigration enforcement status; it does not mention § 1326(a) proceedings and has no effect on criminal prosecutions.  Although the memorandum discusses the exercise of "prosecutorial discretion" (pp. 2 and 6), it does so only with reference to civil enforcement of the law.  The enforcement priorities it establishes (pp. 3 and 4) are specifically designated (p. 3) as "civil immigration enforcement priorities."  The memorandum also states that it "may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any

3

administrative, civil, or criminal matter."  (Exhibit "A", p. 6 (emphasis added)).

The defendant was not permitted to enter the United States when he did so following his prior removal, and nothing in the memorandum changes that fact.  Modification of DHS policy to prioritize particular classes of unauthorized aliens in order to allocate resources for civil immigration enforcement does not limit the Department of Justice's prosecutorial decision on the criminal referral in this case.

## CONCLUSION

For the above-stated reasons, the recently announced executive actions do not affect the prosecution of the present case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


s/ Charles A. Eberle_____
CHARLES A. EBERLE
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 894-7390 (Phone)
(412) 644-2644 (Fax)
Charles.Eberle@usdoj.gov
PA ID No. 80782

4