IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 14-180 |
| | (Hon. Arthur J. Schwab) |
| v. | |
| | ELECTRONICALLY FILED |
| ELIONARDO JUAREZ-ESCOBAR, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE
FILED JANUARY 6, 2015**

The United States respectfully files this response to the defendant's notice and supporting brief filed January 6, 2015 (Doc. No. 34), in which he asks that the Court sentence him to the amount of time he has already served in pretrial detention and remand him to the custody of U.S. Immigration and Customs Enforcement ("ICE") to begin removal proceedings. Defendant states that he wants to preserve his guilty plea, "achieve closure of this criminal matter," and "forego fighting to stay in the U.S." by accepting immediate removal. *Id.* at 3. He concedes that he does not qualify for—and will not seek—deferred action, cancellation or withholding of removal, asylum, or any other form of relief, and would rather "permit[ ] ICE to remove him as soon as practicable" after sentencing. *Id.* at 3-5.

The United States has no objection to defendant's request. As explained at defendant's plea hearing, the government and the defendant agree that the advisory Sentencing Guidelines range applicable to this case is 0-6 months in prison. Tr. of Plea Hearing (Doc. No. 35) at 10. Defendant has already served approximately six months in pretrial detention, so a sentence of

time-served is appropriate. Defendant should then be remanded to ICE custody for removal proceedings, as he requests.[1]

The government maintains that the memoranda issued by the Secretary of Homeland Security on November 20, 2014—including the exercise of enforcement discretion through deferred action—are well within the Executive Branch's constitutional and statutory authority. *See Arpaio v. Obama*, --- F. Supp. 3d ---, 2014 WL 7278815, at *3-4 (D.D.C. Dec. 23, 2014). In light of the defendant's decision not to contest his conviction or removal and the parties' agreement regarding the appropriate sentence, however, the issues addressed in the Court's December 16, 2014 opinion (Doc. No. 32) are moot.[2] Under the circumstances, and given that all parties agreed that the November 20 memoranda were not applicable to this matter, the government does not intend to file a motion to reconsider. The government requests that the hearing scheduled for January 21, 2015, at which the Court invited oral argument on any motion for reconsideration, be cancelled.

---

[1] The Court's December 16, 2014 order (Doc. No. 32) suggests "suspend[ing]" any term of supervised release in this case so that defendant may immediately be transferred to ICE custody and removed. *Id.* at 38. The government believes that the more appropriate procedure would be to impose no term of supervised release at all. *See* Sentencing Guidelines § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.").

[2] *See, e.g.*, *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (courts may not "give opinions advising what the law would be upon a hypothetical state of facts") (citation and alteration omitted); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (courts must "rely on the parties to frame the issues for decision" and act only as "neutral arbiter[s] on matters the parties present").

       Respectfully submitted,

       DAVID J. HICKTON
       United States Attorney


       <u>s/ Charles A. Eberle</u>
       CHARLES A. EBERLE
       Assistant U.S. Attorney
       U.S. Post Office and Courthouse
       700 Grant Street
       Suite 4000
       Pittsburgh, Pennsylvania 15219
       (412) 894-7390 (Phone)
       (412) 644-2644 (Fax)
       Charles.Eberle@usdoj.gov
       PA ID No. 80782